Thomson, J.,
delivered the opinion of the court.
This action was originally brought by Eveline Parker against the defendants Cochrane and Dowling. Afterwards, upon a showing made that the plaintiff had departed this life, having during her lifetime, by her last will and testament, devised and bequeathed to her husband, William C. Parker, all her property and estate, real and personal, without naming any executor, which will had been duly admitted to probate and recorded, and no administrator having been appointed because there were no debts against her estate, the court permitted the substitution of William C. Parker, devisee, as plaintiff, and a supplemental complaint was filed by him in the cause. After the filing of the supplemental complaint, William C. Parker was appointed administrator, with the will annexed, of Eveline’s estate; and, at the trial of the issues joined, for the purpose of avoiding a nonsuit, the plaintiff asked and obtained leave to amend his complaint by the substitution as plaintiff of himself as such administrator. The administrator accordingly filed his amended complaint, setting forth an indebtedness of the defendants to Eveline Parker, amounting to $520, and also alleging a judgment rendered in this cause in her favor, in the Fremont district court, on April 13, 1884, which was afterwards carried to the supreme court, and by that court reversed and remanded to the trial'court. The defendants answered:
1st. Admitting that a judgment was rendered in the cause as alleged, which was thereafter carried to the supreme court, but denying that the judgment was reversed.
2d. Alleging that on the 30th day of April, 1884, in an action then pending in the Fremont court between Eveline Parker and the defendants, upon the same cause of action *529 set forth by the administrator, judgment was duly rendered for the defendants, which judgment still remained in full force and effect.
3d. Alleging that a judgment in the cause was rendered on the 30th day of April, 1884, in the Fremont court,'to. reverse which Eveline Parker sued out a writ of error, in virtue of which the cause was certified to the supreme court, Eveline Parker being plaintiff in error, and the defendants, defendants in error; that Eveline died while the proceeding^ were pending in the supreme court, and that the judgment of that court was reversed after her death,- and -without the substitution of any legal representative; by reason of which the judgment of reversal was void.
4th. Averring that the alleged cause of action did not accrue to the plaintiff nor to the plaintiff’s testator within six years prior to the commencement of this suit.
The plaintiff-moved to strike out the whole of the second and fourth defenses, and all that portion of the third defense relating to the death of Eveline Parker during the pendency of the cause in the supreme court, and the reversal of the ■judgment after her death and without revivor of the suit in •the name of her legal representative, on the grounds that the several defenses mentioned were sham, irrelevant,-redundant, immaterial and insufficient. The motion was sustained, and •the ruling is assigned for error.
The practice prescribed by the code requires that where an entire defense is objected .to' for insufficiency, the objection must be taken by demurrer. It can be stricken out on motion only where it is shown to be sham or irrelevant. If a portion of a defense appears to be' good and a portion irrelevant, redundant, immaterial or insufficient, the' objectional part may on motion be stricken out. A demurrer does not lie-to a part of a pleading, and an entire defense cannót be reached by motion, except where it is shown to be sham or irrelevant. Section 60,- Civil Code. It was therefore error to strike out the second' and fourth defenses unless they were sham or irrelevant! Their sufficiency could not *530 be tested by'motion. They seem to us to be well pleaded, but if the plaintiff judged otherwise he should have demurred.
The second defense is a plea of former adjudication, and the fourth a plea of the statute of limitations. Neither is objectional on the ground of irrelevancy. Both are defenses which the defendants had a right to make, if they were made in good faith. The action of the court in striking them out .can therefore not be upheld unless it was made in some manner to appear that they were sham. A sham answer is one which upon its face states a sufficient defense, but which is false in fact, and is pleaded in bad faith, and as an irnpedi.ment to justice. As it is sufficient in form and there is nothing upon its face determinative of its character, this must Appear from matters aliunde. Evidence of some kind outside of itself must be produced from which it clearly appears that the pleading is sham; but when such showing is made it becomes the duty of the court to strike it out. Duffield v. D. & R. G. R. Co., ante, p. 25.
These defenses are apparently legitimate; the good faith of the pleader is presumed; it was not attempted by any showing to impress upon them a character different from that which they appeared to bear; and nothing is disclosed by the record which justifie.s the court in striking them out. The third defense is an entirety. The portion which was stricken out and that which remains are dependent upon each other. The first, isolated from the second, contains nothing that is relevant to the case, and is meaningless; and the second is unintelligible without the first. The defense as a whole suggests an important question of law concerning which the authorities differ widely, and if counsel disputed the soundness of the legal proposition upon which it was evidently based, he should have demurred to the whole defense. He cannot be permitted arbitrarily to split into two parts a defense- which, if it is insufficient at all, is insufficient as a whole, and have one portion stricken out, leaving the fragmentary and incomplete, and therefore irrelevant and meaningless, remainder to stand as the answer in the case. *531 Such a proceeding is a perversion of the uses for which a motion is designed.' The question which counsel seeks to ■raise, and of which he asks á determination, cannot be raised ■by that method. To bring any question before us for adjudication the prescribed practice must be followed.
■ The judgment will be reversed..

Reversed.'