[No. 5470.]
[No. 3140 C. A.]

ELGIN JEWELRY CO. v. WILSON.

1. . Pleading—Separate Demurrers to Different Paragraphs of Answer.

Separate demurrers to different paragraphs of the same defense may not be taken, since a demurrer must go to the entire defense and not to any segregated portion.—P. 272.

2. Pleading—Action for Goods Sold—Fraud by Seller—Rescission—Defense—Sufficiency.

In an action for the price of goods sold, an answer setting forth that plaintiff fraudulently procured her signature to a different order from the one she gave and for a larger amount, and that she received other articles than those she ordered, whereupon she returned them to plaintiff, and that plaintiff, since then, has been and still is in possession thereof, constitutes a valid defense.—P. 273.

3. **Partnership—Action by Partners—Affidavit of Partnership— Failure to File—Effect.**

Chapter 65, Sess. Laws 1897, provides that persons doing business in this state as partners under any other name than the personal name or names of the members, shall file with the clerk of the county in which the business is carried on, an affidavit stating the full Christian and sir names and addresses of the partners, in default of which they shall not be permitted to prosecute suits for the collection of their debts. Held, that, in an action for the price of goods sold, an allegation in the answer that plaintiff had failed to file such affidavit and should not have brought the action, was a good defense, and a motion to strike it out was properly denied.—P. 273.

*Appeal from the District Court of Fremont County. Hon. M. S. Bailey, Judge.*

Action by the Elgin Jewelry Company, a copartnership composed of T. O. Loveland and J. L. Records, against Mrs. H. Wilson. From a judgment for defendant, plaintiff appeals.    *Affirmed.*

Mr. A. L. JEFFREY, for appellant.

Mr. JOSEPH H. MAUPIN, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The complaint in this action alleges that appellee is indebted to appellant in the sum of one hundred and ten dollars upon a written contract for the purchase of goods. After denying the allegations of the complaint, the defendant alleged that she agreed with the agent of plaintiff to purchase goods amounting to eleven dollars, but that the agent, then and there intending and contriving to cheat and defraud defendant, falsely represented to her that it was necessary that she sign a printed order for the goods, and that he showed her an order for the goods amounting to eleven dollars, and requested her to sign it; but that he fraudulently and without her knowledge

obtained her signature to another order for goods aggregating one hundred and ten dollars, representing to her, and she believing, that it was the eleven-dollar order; that when the goods arrived and she opened the package, she discovered that, instead of containing the goods which she had agreed to purchase, it contained other articles. Whereupon she returned the goods to the Elgin Jewelry Company, plaintiff, and that said company, since that time, has been and still is in possession thereof. To this answer, plaintiff filed two demurrers, the first to that part of the defense alleging the fraud, because the facts therein alleged constituted no defense to the action, and because it was ambiguous, unintelligible and uncertain; the second to that part of the answer alleging the discovery of the fraud and the return of the goods, and that they were still in the possession of the company, for the reason that that portion of the defense was ambiguous, unintelligible and uncertain, because it failed to show how it was a defense to the complaint. These demurrers were overruled by the court, and its action is assigned as error. It will be borne in mind that these demurrers were not separate grounds of demurrer to the same defense, but were separate demurrers to different paragraphs of the same defense. This may not be done. The demurrer must go to the entire defense and not to any segregated portion. The plaintiff may not pick out a sentence or a single allegation of an answer and demur to it because it is insufficient to constitute a defense or because it is ambiguous or uncertain, but the answer must be taken as an entirety. This question was before this court in *Herfort v. Cramer*, 7 Colo. 483, and it was there said:

"We observe, in the first place, that whatever defects may exist in the portion of the answer under consideration, the demurrer is still more defective.

The attempt thus made to separate the averments descriptive of the fraud practiced upon the defendant into two distinct offenses, seems to be wholly without pretext. This portion of the answer does not purport to state two grounds of defense, but the single ground that the defendant was induced to enter into the contract of purchase through fraud, and that he has been injured thereby in the sum stated.''

Again, in the same case, it is said:

''The connected structure of a pleading cannot thus be destroyed or disjointed at the pleasure of a pleader, and its disconnected averments separately demurred to. Such a practice is not to be tolerated.''

See, also, *Cochrane v. Parker,* 5 Colo. App. 527.

Taking the entire defense as alleged in this answer, it would seem to be sufficient, if true. If the agent showed the defendant a written order for eleven dollars' worth of goods which she consented to purchase, and signed the order for the purpose of procuring the goods, and then, by some subterfuge, chicanery or fraud procured her signature to another order which called for one hundred and ten dollars' worth of goods, and, upon receipt of the goods and the discovery of the fraud, she immediately returned them to the principal and the principal retained possession of them; this would seem to constitute a valid defense to an action upon the contract for the purchase price of the goods.

The defendant also alleged, by way of defense, that the plaintiffs had failed to file in the office of the clerk and recorder an affidavit of copartnership, as required by statute. Motion was made to strike this allegation from the answer, and it is said that the court erred in overruling the motion. The answer alleges that the plaintiff ought not to have

prosecuted this action against defendant, because the said T. O. Loveland and J. L. Records, on or about the 9th day of February, 1902 (which was the time alleged as the date of the order), were doing business in the county of Fremont, State of Colorado, under the name of the Elgin Jewelry Company as partners and associates; that they did not file for record with the clerk and recorder of said Fremont county, in which they were carrying on their said business, an affidavit, as the law requires, setting forth their full Christian names and addresses. The statute provides that persons doing business in this state as partners under any other name than the personal name or names of the members, shall file for record with the county clerk of the county in which the business or trade is carried on, an affidavit setting forth the full Christian and sir names and addresses of parties who are represented; that, in default of filing for record such affidavits, such parties shall not be permitted to prosecute any suits for the collection of their debts until such affidavits shall be filed.—Session Laws 1897, pages 248, 249.

The allegation in the answer appears to show the failure, on the part of plaintiffs, to comply with the requirements of this statute, and if the facts were as stated in the answer, the plaintiffs could not prosecute the action until they had complied with the statute. Consequently, there was no error in overruling the motion.

No exception was taken to the instructions given by the court to the jury, and it rendered a verdict for the defendant.

It is contended that the verdict was not supported by the evidence. We have examined the testimony, and find that there is sufficient legal evidence in the record to support the verdict. That being true, it should not be disturbed.

Perceiving no prejudicial error in the record, the judgment of the district court will be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.